IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                          _____

                              No. 95-60098
                           Conference Calendar
                          _____


PATRICK STEWART,

                                             Plaintiff-Appellant,

versus

L. GLENN HOWELL, Former Superintendent
S.M.C.I., in his personal capacity;
CHARLES C. BAILEY, Chief of Security, S.M.C.I.;
RICHARD L. MARTIN, in his official capacity as
Superintendent of the South Mississippi
Correctional Facility,

                                             Defendants-Appellees.



                        - - - - - - - - - -
              Appeal from the United States District Court
                 for the Southern District of Mississippi
                         USDC No. 2:93-CV-291
                        - - - - - - - - - -
                          (October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

        Patrick Stewart appeals the dismissal of his civil rights

suit.  We construe his arguments as a challenge to the district

court's legal conclusion concerning Stewart's claim of

retaliation.  Review is de novo.  Exxon Corp. v. Crosby-

_____

        [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Mississippi Resources, Ltd., 40 F.3d 1474, 1480-81 (5th Cir. 1995).

A prisoner has no constitutional right to a specific work assignment. Jackson v. Cain, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989). Prison officials may transfer prisoners to any job "for almost any reason or no reason at all." Id. However, a job transfer cannot be made in retaliation against the exercise of constitutional rights. Id. Likewise, a prisoner has no constitutional right to be housed in a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).

"To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (footnote omitted). "The inmate must produce direct evidence of [the defendants'] motivation or . . . allege a chronology of events from which retaliation may plausibly be inferred." Id. (internal quotation marks and footnote omitted). If the conduct alleged to constitute retaliation would not, by itself, raise the inference that such conduct was retaliatory, the assertion of the claim itself without supporting facts is insufficient. See Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir.), cert. denied, 488 U.S. 840 (1988).

Stewart's allegations do not support an inference of retaliation. See Woods, 60 F.3d at 1166. His reliance upon the common employer of the defendants and the alleged thieves at the Harrison County, Mississippi, Community Work Center (CWC) and

upon the expectation of the George County, Mississippi, CWC employees of Stewart's arrival is insufficient to support the necessary inference of retaliation, especially in light of the reasonable concern for Stewart's welfare if he remained at the Harrison CWC. Thus, the court did not err in concluding that no constitutional violation had occurred.

To the extent that Stewart argues that error occurred at the evidentiary hearing conducted by the magistrate judge, in light of the above analysis, any error at the hearing would have been harmless. See Fed. R. Civ. P. 61.

This appeal borders on the frivolous. We caution Stewart that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Stewart is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

AFFIRMED. ADMONITION ISSUED.